## 'ARTHUR H. PATTERSON v. EDMON ADAN.[1]

November 1, 1912.

Nos. 17,728—(57).

**Master and servant — negligent driving of automobile.**

In an action by a servant against his master, for injuries received by reason of the negligence of the latter in the operation of an automobile in which the servant was riding pursuant to the order and direction of the master, it is *held* that the evidence upon the question of the master's negligence in operating the car, the question of the servant's assumption of risk and contributory negligence, presented issues of fact for the jury to determine, and that the verdict is supported by sufficient competent evidence.

[1] Reported in 137 N. W. 1112.

Note.—As to liability generally for injury to passenger by negligent operation of automobile, see notes in 21 L.R.A.(N.S.) 81; 35 L.R.A.(N.S.) 658.

**New trial.**
> There were no errors in the instructions or refusals to instruct, and the court did not abuse its discretion in denying a new trial on the ground of misconduct of counsel.

Action in the district court for Ramsey county to recover $21,000 for personal injuries. The answer alleged that, prior to the accident, plaintiff requested defendant to permit him to ride in defendant's automobile for the pleasure and convenience of plaintiff, and at the time of the accident plaintiff was so riding voluntarily for his own satisfaction and convenience and at his own risk, and denied that the accident occurred through any fault or negligence of defendant. The reply denied the new matter contained in the answer.

The case was tried before Hallam, J., who denied defendant's motion for a directed verdict, and a jury which returned a verdict in favor of plaintiff for $4,500. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Harris Richardson* and *Walter Richardson,* for appellant.
*C. D. & R. D. O'Brien,* for respondent.

BROWN, J.

Action for personal injuries in which plaintiff had a verdict, and defendant appealed from an order denying his alternative motion for judgment or a new trial.

The evidence justified the jury in finding the following facts: Defendant owned and operated a place of business at Bass Lake, near the city of St. Paul. Defendant also owned an automobile and used the same in going to and returning from St. Paul to his said place of business. Plaintiff was in his employ, as a chauffeur, electrician and engineer, and was thoroughly familiar with automobiles and was a competent driver. On the early morning of February 13, 1910, defendant ordered plaintiff to accompany him in said automobile from Bass Lake to the city of Minneapolis. In compliance with such directions plaintiff took his place in the automobile, defendant driving the car. The roads and streets were covered with an accumulation

of ice and snow, were rough and slippery, and extremely dangerous for the use of such a vehicle. At a point on University Avenue, in the city of St. Paul, the automobile was overturned and plaintiff received severe injuries.

1. Our examination of the record leads to the conclusion that the evidence fully justified the jury in finding that the reckless and careless driving of the automobile by defendant was the direct cause of the accident, and of a nature to charge him with liability in this action, unless plaintiff was chargeable with contributory negligence or, in accompanying defendant under the circumstances shown, assumed the risk of injury likely to result from his operation of the car.

2. Whether plaintiff directly contributed to his injury or assumed the risk were, on the evidence presented, questions of fact and properly submitted to the jury. It is claimed by defendant that he was intoxicated at the time, a fact known to plaintiff, and that plaintiff took the chances of a safe passage to Minneapolis, and cannot now complain. It may be conceded for the purposes of the case that defendant was somewhat under the influence of liquor, and that plaintiff knew it. But from that it does not necessarily follow, as a matter of law, that plaintiff was guilty of contributory negligence or that he assumed the risk of injury by complying with defendant's order and direction to accompany him in the automobile to Minneapolis. The relation of master and servant existed between the parties. Plaintiff was the servant, and, unless defendant was so badly intoxicated as to be incapable of properly running the car, plaintiff's duty, as such servant, was to obey the order of the master. The defendant, the master, is in no very favorable situation to resist liability under such circumstances, or to be heard to complain that the servant obeyed his orders. There is no claim that defendant was not competent to drive the car, the only point made is with reference to his intoxicated condition which, it is claimed, incapacitated him for the time being properly to operate the car. It was also claimed on the trial that plaintiff accompanied defendant on his own motion, and that defendant neither ordered nor requested him to do so. We have read the record fully, and conclude that the evidence upon this, as well as upon all other disputed questions, presented issues of fact for the

jury to determine. It would serve no useful purpose to discuss the
evidence in detail. We sustain the action of the trial court in uphold-
ing the verdict.

3. The instructions of the court sufficiently covered all the issues
presented by the pleadings and evidence and there was no error there-
in, nor in the refusal of certain requests submitted by defendant.

4. The question whether a new trial should be granted because of
misconduct of counsel rests in the sound discretion of the trial court,
in the exercise of which in this case we discover no abuse. The re-
marks complained of might well have been omitted, but we concur in
the view of the trial judge that no prejudice resulted therefrom.

Order affirmed.

BUNN, J., before whom the first trial was held, took no part.